# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **ELEANOR W. CHADWELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06CV00011 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LEE COUNTY SCHOOL BOARD, ET AL.,** | ) ) | By: James P. Jones<br>Chief United States District Judge |
| | ) | |
| Defendants. | ) | |

*Edward G. Stout, Bressler, Curcio, & Stout, Bristol, Virginia, and Gerald L. Gray, Gerald Gray Law Firm, Clintwood, Virginia, for Plaintiff; Steven R. Minor and R. Lucas Hobbs, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendants.*

The issue in this § 1983 case is whether the defendant local school board members are individually protected by legislative immunity when they transferred an employee from an administrative position to a teaching position and reassigned the employee's duties to existing administrative personnel, allegedly for political reasons. Based on the facts, I find that the board members are entitled to legislative immunity because they effectively eliminated a position—a legislative act.

I

The plaintiff, Eleanor W. Chadwell, brings this action under 42 U.S.C.A. § 1983 (West 2003) against the Lee County, Virginia, School Board ("Board") and the individual members of the Board. The plaintiff claims that the defendants demoted her and failed to consider her for other positions solely because she is a member of the Democratic Party, thereby infringing her rights under the First and Fourteenth Amendments to the United States Constitution.[1] The individual Board members have filed a motion for partial summary judgment based on the doctrines of legislative immunity and qualified immunity. After reviewing the partial summary judgement record, I find that the plaintiff's action against the individual members of the Board for transferring her is barred by the doctrine of legislative immunity and grant their motion for partial summary judgment.

The plaintiff has been employed by the Board in various positions in the school system since 1980. At the beginning of the 2003-2004 school year, the plaintiff was employed as director of elementary education. However, at a Board meeting on

---

[1] Political discrimination cases from Lee County are not novel, regardless of the particular political party in power. *See Cooper v. Lee County Bd. of Supervisors*, 188 F.3d 501 (4th Cir. 1999); *McConnell v. Adams*, 829 F.2d 1319 (4th Cir. 1987); *Ramey v. Harber*, 589 F.2d 753 (4th Cir. 1978); *Gilliam v. Lee County Sch. Bd.*, No. 2:01CV00083, 2002 WL 31906274 (W.D. Va. Dec. 30, 2002).

February 13, 2004, the plaintiff was transferred from her central office position to that of a reading teacher at an elementary school.[2]

The plaintiff asserts that she is an active Democrat. Her husband served for many years as the treasurer of Lee County, a position he was elected to six times after receiving the Democratic nomination. Additionally, the plaintiff alleges that her extended family is active in the Democratic Party and several of her family members have served as such as poll workers or election judges. The plaintiff claims that after the November 2003 election and effective January 1, 2004, a majority of the Board was composed of Republican Party members, who knew of her political affiliation. She further claims that other Democratic Party supporters who work within the Lee County school system have been transferred or demoted.

The plaintiff contends that the defendants' actions have deprived her of rights protected by the United States Constitution, and particularly the right of association and speech guaranteed by the First and Fourteenth Amendments. In their present motion, the defendants contend that their possible individual liabilities arising from

---

[2] In her reply brief in opposition to this motion for partial summary judgment, the plaintiff claims that she has lost nearly $30,000 in wages and benefits that she would have been entitled to had she not been transferred. (Pl.'s Br. Summ. J. 3.) However, the minutes of the Board meeting state that the plaintiff would not receive a reduction in salary. Additionally, Denise Lambert, the current business manager of the Board, states that the plaintiff's salary has not been reduced as a result of the transfer. (Lambert Decl. ¶3.)

-3-

the removal of the plaintiff from her position as director of elementary education are barred by the doctrines of legislative immunity and qualified immunity.[3]

II

Local legislators are absolutely immune from suit under § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998).[4] The purpose of shielding local legislators from civil liability is to facilitate governance and to avoid the chilling effect personal liability might impose. *Id.* at 52 "[T]he threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability."); *see also Hollyday v. Rainey*, 964 F.2d 1441, 1443 (4th Cir. 1992) ("[L]egislators must be permitted to discharge their legislative duties without fear of being subjected to the

---

[3] The defendants do not contend in their present motion that they are entitled to judgment as to the plaintiff's claim that she was refused other positions in the school system solely because of her party affiliation and I make no ruling on that issue. In addition, I make no ruling as to the liability of the Board itself or the individual Board members in their official capacities.

[4] Prior to *Bogan*, the Supreme Court had held that state and regional legislators were absolutely immune from liability under § 1983 for their legislative activities. The *Bogan* decision merely extended this immunity to local legislators. 523 U.S. at 49 ("Because the common law accorded local legislators the same absolute immunity it accorded legislators at other levels of government, and because the rationales for such immunity are fully applicable to local legislators, we now hold that local legislators are likewise absolutely immune from suit under §1983 for their legislative activities.")

-4-

cost and inconvenience of a trial at which their motives come under scrutiny."). The doctrine of legislative immunity also insures that partisan affairs are confined to the local political arena and removed from federal courts. *Tenney v. Brandhove*, 341 U.S. 367, 378 (1951).

Legislators are only entitled to legislative immunity when they act in a legislative capacity and administrative or executive actions are not afforded such protection. *See Roberson v. Mullins*, 29 F.3d 132, 134 (4th Cir. 1994). Consequently, in order to determine whether the defendants are entitled to absolute immunity, I must first determine whether the act complained of was legislative or administrative.

As the Supreme Court held in *Bogan v. Scott-Harris,* whether or not an act is legislative depends on the nature of the act and not the "motive or intent of the official performing it." *Bogan*, 523 U.S. at 54. Legislators are acting in a legislative capacity when they adopt prospective legislative-type rules or act within a traditional legislative province. *Roberson*, 29 F.3d at 134-135. For example, when legislators make budgetary decisions, they are generally acting in a legislative capacity. *Alexander v. Holden*, 66 F.3d 62, 65 (4th Cir. 1995); *see also Cooper v. Lee County Bd. of Supervisors*, 966 F. Supp.411, 414 (W.D. Va. 1997) ("[B]udgetary decisions,

where the legislature prospectively determines the direction of local government spending, are generally said to constitute legislative action.").

Decisions that affect employment are sometimes difficult to classify as either legislative or administrative. As the Fourth Circuit has noted, the termination of a specific employee is generally considered an administrative act, for which legislative immunity does not attach. *Alexander*, 66 F.3d at 66. In contrast, when a legislature makes a budgetary decision to eliminate a position entirely, rather than the employment of a particular individual, the entity is acting within a well-recognized legislative zone. *See Bogan*, 523 U.S. at 56.

In short, an employment decision may be legislative even though it has an immediate impact on only one individual, since the decision may have "prospective implications that reach well beyond the particular occupant of the office." *Id*. However, when legislators take actions that are not prospective or can affect only one employee, then immunity will not attach. *See Alexander,* 66 F.3d at 66.

The plaintiff here argues that the defendants are not entitled to legislative immunity or qualified immunity and hence, their motion for partial summary judgment should be denied. In particular, the plaintiff contends that the defendants did not eliminate the position of director of elementary education but merely removed her from the position, and, therefore, their actions were not legislative. However,

-6-

after examining the summary judgement record, I find that the defendants have shown that they did eliminate the plaintiff's position and they are thus protected by legislative immunity.

To support her argument, the plaintiff relies heavily on the minutes of the Board meeting. The plaintiff correctly notes that these minutes state that the plaintiff is transferred from elementary education director to a Reading First grant teacher and never explicitly state that her position was eliminated. Furthermore, the Board did vote at this meeting to eliminate another position.[5] However, as evidenced by these notes, Board member Phil Hensley also stated at the meeting that the superintendent and Board were committed to a reduction in force which would include eliminating "one Director at the Central Office" in addition to several other positions.[6]

When viewing the minutes from this Board meeting together with the evidence as a whole, I find that the Board did in fact eliminate the director of elementary education position. The summary judgment record shows that no person has held this

---

[5] As indicated by the minutes, the Board eliminated the position of co-coordinator of transportation at this meeting. However, it appears that the occupant of this position lost her employment not only because the position was eliminated, but also, for cause.

[6] In his declaration, Fred Marion, the current superintendent of schools for the Lee County school system, also avers that since removing the plaintiff's position, the Board has continued to try to save money by minimizing the number of central office employees. After the elimination of the position of director of elementary education, another member of the central office retired and her duties have been absorbed by existing central office personnel. (Marion Decl. ¶ 3.)

-7-

position since the plaintiff was transferred. The record also indicates that the plaintiff's former responsibilities were reassigned to existing central office personnel. While Jack Gilley, an existing member of the central office, was initially primarily responsible for elementary education-related duties, there is insufficient evidence to suggest that Gilley became the director of elementary education as the plaintiff contends.[7] Rather it appears that Gilley took on the plaintiff's former responsibilities while maintaining his prior duties as Title I director.

Furthermore, an employment advertisement placed by the Board on the occasion of the retirement of Gilley and another central office administrator, Gary Perdue, also indicates that the director of elementary education position had been eliminated and the duties divided among other central office personnel. In this advertisement, the Board stated that it was seeking "central office administrators which includes duties and responsibilities associated with elementary, middle and secondary education, Title I and Reading First grants, school principals and assistant principals." I agree with the defendants that the mere fact that the advertisement uses the words "elementary" and "education" does not mean that the Board was seeking

---

[7] The plaintiff provides a print out of the on-line services directory of the Lee County school system to support her argument that Gilley became the director of elementary education. While in this printout Gilley is listed as the contact for elementary curriculum, he is not referred to as director of elementary education and is in fact listed as the contact for several services.

-8-

a new director of elementary education. Rather, the advertisement supports the defendants' position that central office administrators have been collectively responsible for the plaintiff's former duties.

In short, while the minutes reflect that the Board did not explicitly state at the meeting a decision to eliminate the plaintiff's position, the minutes as a whole and the Board's actions since that date demonstrate that the position was indeed eliminated. By eliminating the position, the individual Board members were acting in a legislative capacity and are thereby protected by legislative immunity and entitled to summary judgement.[8]

III

For the reasons stated, it is **ORDERED** that the Motion for Partial Summary Judgment is GRANTED and judgment is entered in favor of the individual defendants in their individual capacities as to the plaintiff's claim that she was demoted solely on account of her political affiliation, which judgment is granted on the ground that the individual defendants are entitled to legislative immunity as to such claim.

ENTER: October 19, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[8] Because of this finding, I need not address the defense of qualified immunity.