# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **ELEANOR W. CHADWELL,** | ) | |
| Plaintiff, | ) | Case No. 2:06CV00011 |
| v. | ) | **OPINION AND ORDER** |
| **LEE COUNTY SCHOOL BOARD, ET AL.,** | ) | By: James P. Jones<br>Chief United States District Judge |
| Defendants. | ) | |

| | | |
|---|---|---|
| **MARY RUTH LASTER,** | ) | |
| Plaintiff, | ) | Case No. 2:06CV00012 |
| v. | ) | **OPINION AND ORDER** |
| **LEE COUNTY SCHOOL BOARD, ET AL.,** | ) | By: James P. Jones<br>Chief United States District Judge |
| Defendants. | ) | |

*Edward G. Stout, Bressler Curcio & Stout, P.C., Bristol, Virginia, and Gerald L. Gray, Gerald Gray Law Firm, Clintwood, Virginia, for Plaintiffs; Steven R. Minor, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendants.*

The question presented is whether these two civil cases with common questions of law and fact should be consolidated for the purposes of trial. I find that a joint trial is proper because the judicial economy in avoiding two trials outweighs any possible prejudice to the parties or risk of confusing or overwhelming the jury.

The plaintiff in Case No. 2:06CV00011, Eleanor Chadwell, alleges that the defendants, the Lee County, Virginia, School Board ("School Board") and the individual members of the School Board, demoted her and failed to consider her for other positions because she is a member of the Democratic Party, thereby infringing her rights under the First and Fourteenth Amendments to the United States Constitution. The plaintiff in Case No. 2:06CV00012, Mary Ruth Laster, similarly alleges that she was demoted and not hired for other positions by the School Board because of her political affiliation with the Democratic Party, thereby infringing her constitutional rights. Both plaintiffs further allege that the defendants have engaged in a pattern of discriminating against school employees known to be supporters of the Democratic Party.

Chadwell first began working for the Lee County school system in 1980 and has been employed in several positions by the School Board including director of elementary education. At a Board meeting on February 13, 2004, the School Board transferred her from her position as director of elementary education to that of a reading teacher at an elementary school. Chadwell asserts that she and her family are active Democrats and that following the November 2003 election, the School Board was composed of Republican Party members who knew of her political affiliation.

Laster has been employed by the School Board in various positions in the school system since 1981. During the 2003-2004 school year, Laster was employed as the principal of Stickleyville Elementary School. However, at a meeting on July 26, 2004, the School Board removed Laster from that position and demoted her to a classroom teacher. Like Chadwell, Laster asserts that she and her family are active Democrats. Laster similarly alleges that the School Board was composed of Republican Party members following the November 2003 election, and that they knew of her political affiliation.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court may order a joint trial of actions that involve common questions of law or fact. As the Fourth Circuit has stated, district judges have broad discretion under Rule 42(a) to order consolidation of cases pending in the same district. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F2d 928, 933 (4th Cir. 1977). Judicial economy generally favors consolidation. *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D.Va. 1999). In particular, the purpose of consolidation for trial is to avoid the burden separate trials would create for the parties, witnesses, and judicial resources. *See Arroyo v. Chardon*, 90 F.R.D. 603, 605 (D.P.R. 1981). Consolidation of actions involving common questions of law and fact also avoids the risk of inconsistent judgments. *See Switzenbaum,* 187 F.R.D. at 248.

In determining whether to order joint trials, the court must balance the judicial economy in avoiding separate trials against any risk of prejudice to the parties and confusion of the issues that consolidation may create. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). In short, if a jury is likely to be confused or overwhelmed by a joint trial, and consolidation would not significantly save time or expenses, consolidation for trial is not appropriate. *See Arroyo*, 90 F.R.D. at 606.

In the present cases, I find that the benefits of consolidation outweigh any possible prejudice to the parties or risk of confusing or overwhelming the jury. While it is true that the plaintiffs' claims differ to the extent that they are based on different employment decisions by the School Board, the underlying issue in both cases is the same—whether the School Board during this period of time made such decisions based on political affiliation. Although there are facts unique to each case, it is probable that there will be common questions of fact involving this issue. Circumstantial proof of motivation is usually the only available evidence in political discrimination cases, *see Sales v. Grant*, 158 F.3d 768, 780 (4th Cir. 1998), and it is likely that any circumstantial evidence here will be applicable to both cases.

Thus, the similarity of the legal and factual questions would create considerable overlap at separate trials, thereby wasting judicial resources and the time of all parties

- 4 -

involved. Moreover, since the parties are represented by the same attorneys, a joint trial would likely reduce the litigation costs for the parties.

The defendants argue against consolidation by suggesting that there will be different defense issues. I agree with the defendants that the cases differ to the extent that I have granted partial summary judgment in favor of the individual defendants in their individual capacities in the Chadwell case with respect to the School Board's decision to transfer her, based on the doctrine of legislative immunity, while no such legislative immunity defense currently exists in the Laster case. Furthermore, the defendants are correct in stating that because of the partial summary judgment decision, the individual defendants have testimonial privileges in the Chadwell case that do not attach in the Laster case. However, the individual defendants are still liable in their individual capacities with respect to Chadwell's claim that she was refused other positions in the school system because she was affiliated with the Democratic Party, and hence, the individual defendants will likely still be called to testify in the Chadwell case, albeit not regarding all issues. Thus, I disagree with the defendants that this difference in testimonial privileges is reason enough to keep the trials separate.

In short, because the cases present common factual and legal questions, and the judicial economy in avoiding separate trials outweighs any possible difficulty to the

jury and possible confusion of the issues that could prejudice the parties, I find that a joint trial of these cases is proper.

For the reasons stated, it is **ORDERED** that the clerk is directed to schedule a joint trial of Case No. 2:06CV00011 and Case No. 2:06CV00012.[1]

ENTER: November 20, 2006

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The actions are not consolidated for all purposes, but only for trial. *See* Fed. R. Civ. P. 42(a). Pleadings must continue to be filed in the separate cases.