# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| *ELEANOR CHADWELL*, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv0011 |
| | ) | |
| *LEE COUNTY SCHOOL BOARD*, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

## *PROPOSED JURY INSTRUCTION OF*
## *DEFENDANT LEE COUNTY SCHOOL BOARD*

The defendant Lee County School Board submits the following as its proposed jury instructions.

LEE COUNTY SCHOOL BOARD

s/    Steven R. Minor
        Counsel for Defendants
        Steven R. Minor, VSB No. 30496
        R. Lucas Hobbs, VSB No. 42861
        ELLIOTT LAWSON & MINOR, P.C.
        P.O. Box 8400
        Bristol, VA 24203
        Tel: (276) 466-8400
        Fax: (276) 466-8161

# INSTRUCTION NO. 1

Members of the jury, you have heard the lawyers argue the case and you have heard the evidence. It is now my duty to instruct you as to the law. The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be. During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then filly covered in testimony. Do not assume that I hold any opinion on the matter to which my questions related.

# INSTRUCTION NO. 2

It is your duty to determine from the evidence what the facts are. In that regard, when you retire to the jury room, you are neither Republicans nor Democrats; you are citizens of the United States. You have taken an oath to leave your political affiliations behind in order to answer your higher calling of American citizenship. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you believed that the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## INSTRUCTION NO. 3

In these instructions you are told that your verdict depends on whether you find that certain facts have been proved. As this is a civil case, the burden is to prove facts by the greater weight of the evidence, also known as the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

# INSTRUCTION NO. 4

In deciding what the facts are, you may also have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it.

In weighing the testimony of a witness, you should consider his or her relationship to the parties. You must also consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified, the candor, fairness, and intelligence of a witness and the extent to which a witness' testimony is supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

This case should be considered by you as an action between persons of equal worth. All persons are equal before the law and are considered equals in the courtroom today.

# INSTRUCTION NO. 5

In weighing a witness' testimony, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should again keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 6

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits and the facts that have been admitted or stipulated — that is formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case.

Certain things are not evidence. I shall list those things for you now:

First: Statements, arguments, questions and comments by lawyers representing the parties in the case do not constitute evidence. In particular, statements by the lawyers as to the amount of damages claimed are not evidence and should not be considered as such.

Second: Objections are not evidence. Lawyers have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustained an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been.

Third: Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

Fourth: Anything you saw or heard about this case outside of the courtroom is not evidence.

Finally, during the course of this trial you may have been instructed that some evidence was received for a limited purpose only. You may consider such evidence only for the specific limited purpose for which it was admitted.

# INSTRUCTION NO. 7

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. The law makes no distinction between direct and circumstantial evidence and you should give all evidence the weight and value you believe it is entitled to.

# INSTRUCTION NO. 8

The plaintiff claims that she expressed political opinions or engaged in political activities and associations which are protected by the First Amendment to the United States Constitution, and that thereafter, the School Board eliminated her position and transferred her to another position.

Plaintiff has a right under the First Amendment to engage in political activities, political associations, and to express political opinions. In order for the plaintiff to prevail on her claim, you must find that the plaintiff's protected First Amendment conduct, that is, the expression of political opinion, participation in political associations, or engaging in political activities, was a substantial factor or was a motivating factor to a majority of the Lee County School Board in the decision to eliminate the position of Director of Elementary Education and transfer her to a federally-funded position.

The plaintiff is not required to produce direct proof of unlawful motive, intent, or design. A motive, intent, or design to violate a person's constitutional rights, if it exists, may be shown from the existence of other facts.

# INSTRUCTION NO. 9

The fact that the plaintiff is a Democrat is not, in and of itself, evidence of discrimination. Nor is it sufficient for plaintiff to show that any members of the Lee County School Board may be Republicans or that politics is important to them.

# INSTRUCTION NO. 10

If you find that the plaintiff has met her burden of proof, then you must next determine whether the School Board has shown by a preponderance of the evidence that the members of the School Board would have eliminated the position of Director of Elementary Education and transferred Ms. Chadwell to the federally-funded position even if Ms. Chadwell's political activities, associations, and expression of opinion had not been considered, to save money or for other reasons. If the School Board shows, by a preponderance of the evidence, that Ms. Chadwell's position would have been eliminated and she would be transferred to the federally-funded position in any event for other reasons, then you should find for the defendant School Board.

In considering any reason given by the School Board for its actions, you should not substitute your judgment for that of the School Board and its members. In other words, you may not return a verdict for the plaintiff just because you might disagree with the School Board's decision or believe it to be incorrect, harsh or unreasonable.

## INSTRUCTION NO. 11

The individual members of the School Board, Bob McNiel, John Marion, Phil Hensley and Gary Brown have absolute immunity for the elimination of the position of Director of Elementary Education. This means that, as a matter of law, I have determined that they may not individually be liable for that action and the subsequent transfer of plaintiff to another position, and they are not parties to this case. You will be asked questions about these School Board members solely for the purpose of determining whether the School Board is liable to Ms. Chadwell.

# INSTRUCTION NO. 12

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it filly with fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or by having you returned to the court room so that I can address you orally. Remember that you should not tell anyone – including me – how your vote stands numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the bailiff.

Finally, a verdict form is simply written notice of a decision that you reach in this case. Here is a form submitted to you for your consideration. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

# INSTRUCTION NO. 13

You must now determine the plaintiff's damages. Plaintiff has the burden of proving her damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any mental and emotional distress, anguish, and embarrassment experienced by the plaintiff and proximately caused by the Lee County School Board's unlawful discrimination against her on account of her political affiliation.

In calculating damages, you should not make any award for any employment benefits that she lost. The amount of compensation for the lost benefits will be calculated and determined by the Court.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that plaintiff prove the amount of her damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

# INSTRUCTION NO. 14

Plaintiff may recover only for injuries which were proximately caused by the defendants' unlawful conduct. An injury is proximately caused whenever it appears from the evidence that (1) the conduct played a substantial role in bringing about the injury, and (2) the injury was either a direct result or a reasonably probable consequence of the defendants' conduct. Stated differently, the issue is whether a reasonable person would view the defendants' conduct as the cause of the plaintiff's injuries.

To recover damages for an injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants was the proximate cause of her injuries.

If you find that the plaintiff complains about an injury that was not proximately caused by the defendants' conduct, you may not award the plaintiff damages for that injury.

## INSTRUCTION NO. 15

In fixing the amount of your award you must not include in or add to an otherwise just award any sum for the purpose of punishing the defendants, or to serve as an example or warning for others. You must not include in your award any sum for court costs or attorneys' fees.

If you find that plaintiff has not sustained any actual damages, then you may return a verdict for her in some nominal amount such as one dollar.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| *ELEANOR CHADWELL,* | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv0011 |
| | ) | |
| *LEE COUNTY SCHOOL BOARD,* | ) | |
| | ) | |
| Defendant | ) | |

### *SPECIAL INTERROGATORY VERDICT*

We, the jury find as follows:

1.     Has plaintiff Eleanor Chadwell proved by a preponderance of the evidence that her party affiliation was a substantial or motivating factor in John Marion's vote to eliminate the position of Director of Elementary Education and transfer her to a federally-funded position?

_____ YES                    _____ NO

If YES, then answer question 2. If NO, then answer question 3.

2.     Has defendant Lee County School Board proved by a preponderance of the evidence that John Marion would have voted to eliminate the position of Director of Elementary Education and transfer Ms. Chadwell to a federally-funded position to save money or for other reasons other than her party affiliation?

_____ YES                    _____ NO

3.      Has plaintiff Eleanor Chadwell proved by a preponderance of the evidence that her party affiliation was a substantial or motivating factor in Gary Brown's vote to eliminate the position of Director of Elementary Education and transfer her to a federally-funded position?

_____ YES                    _____ NO

If YES, then answer question 4. If NO, then answer question 5.

4.      Has defendant Lee County School Board proved by a preponderance of the evidence that Gary Brown would have voted to eliminate the position of Director of Elementary Education and transfer Ms. Chadwell to a federally-funded position to save money or for other reasons other than her party affiliation?

_____ YES                    _____ NO

5.      Has plaintiff Eleanor Chadwell proved by a preponderance of the evidence that her party affiliation was a substantial or motivating factor in Phil Hensley's vote to eliminate the position of Director of Elementary Education and transfer her to a federally-funded position?

_____ YES                    _____ NO

If YES, then answer question 6. If NO, then answer question 7.

6.      Has defendant Lee County School Board proved by a preponderance of the evidence that Phil Hensley would have voted to eliminate the position of

Director of Elementary Education and transfer Ms. Chadwell to a federally-funded position to save money or for other reasons other than her party affiliation?

_____ YES _____ NO

7. Has plaintiff Eleanor Chadwell proved by a preponderance of the evidence that her party affiliation was a substantial or motivating factor in Bob McNiel's vote to eliminate the position of Director of Elementary Education and transfer her to a federally-funded position?

_____ YES _____ NO

If YES, then answer question 8. If NO, then have your foreperson sign and date this verdict form.

8. Has defendant Lee County School Board proved by a preponderance of the evidence that Bob McNiel would have voted to eliminate the position of Director of Elementary Education and transfer Ms. Chadwell to a federally-funded position to save money or for other reasons other than her party affiliation?

_____ YES _____ NO

_____ _____
Foreperson Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| *ELEANOR CHADWELL*, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06cv0011 |
| | ) | |
| *LEE COUNTY SCHOOL BOARD, et al.*, | ) | |
| | ) | |
| Defendants | ) | |

### *SPECIAL INTERROGATORY VERDICT*

We, the jury find as follows:

9.  What are the plaintiff's damages?


$_____


_____          _____
Foreperson                                                              Date

## SOURCES

2.  Chester v. Wise County Electoral Board (see attached)

3.  Instruction 2 from Cooper v. Lee County Board of Supervisors

4.  Judge Jones' Standard Civil Jury Instructions

5.  Judge Jones' Standard Civil Jury Instructions

6.  Instruction 5 from Cooper v. Lee County Board of Supervisors

7.  Instruction 6 from Cooper v. Lee County Board of Supervisors

8.  Instruction 7 from Cooper v. Lee County Board of Supervisors

9.  Instruction 8 from Cooper v. Lee County Board of Supervisors

10. Instruction 9 from Cooper v. Lee County Board of Supervisors

11. *See* Schwartz and Pratt, Section 1983 Litigation – Jury Instructions, Section 17.01[A]

12. Instruction 10 from Cooper v. Lee County Board of Supervisors

13. Instruction 11 from Cooper v. Lee County Board of Supervisors

14. Schwartz and Pratt, Section 1983 Litigation – Jury Instructions, Instruction 14.01.1

15. Instruction 12 from Cooper v. Lee County Board of Supervisors

## *CERTIFICATE OF SERVICE*

I hereby certify that on this the 12th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve counsel for Plaintiffs.

s/_____Steven R. Minor_____
        Counsel for Defendants

1  earlier, as well as those I give you now. You must
2  not single out some instructions and ignore others.
3       It is your duty to find from the evidence what
4  the facts are. You will then apply the law as I give
5  it to you to those facts.
6       You must follow my instructions on the law even
7  if you thought the law was different or that it
8  should be different
9       Do not allow sympathy or prejudice to influence
10  you.  Now, in that regard let me comment when you
11  retire to the jury room you are neither Republicans
12  nor Democrats; you are citizens of the United States
13  of America. You have taken an oath to leave your
14  political affiliations behind in order to answer your
15  higher calling of American citizenship
16       The law demands of you a just verdict unaffected
17  by anything except the evidence, your common sense,
18  and the law as I give it to you.
19       I have mentioned the word evidence.  The
20  evidence in this case consists of the testimony of
21  witnesses, the documents, and other things received
22  as exhibits, the facts that have been stipulated to,
23  that is, formally agreed to by the parties.  You may
24  use reason and common sense to draw deductions or
25  conclusions from facts which have been established by

324